**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Arthur Eleazer, Respondent,

v.

Leslie Hughey, Appellant.

Appellate Case No. 2016-002475

Appeal From Richland County
Monét S. Pincus, Family Court Judge

Unpublished Opinion No. 2019-UP-178
Heard April 1, 2019 – Filed May 22, 2019

**AFFIRMED**

Brett Lamb Stevens, of Stevens Law, LLC, and Bryan D. Caskey, of Caskey & Imgrund, LLC, both of Columbia, for Appellant.

Kenneth M. Mathews, of Kenneth M. Mathews Law Firm, of Columbia, and Katherine Carruth Goode, of Winnsboro, both for Respondent.

**PER CURIAM:** Leslie Hughey (Mother) appeals the family court's order changing custody of her and Arthur Eleazer's (Father) two minor children (Son and Daughter) from Mother to Father.  Mother argues (1) the family court's change of custody is

not supported by the greater weight of the evidence; (2) even if there was a substantial change of circumstances to warrant a change of custody, a change of custody was not in the best interest of Son or Daughter; and (3) no evidence was presented to support a change in custody of Daughter. We affirm.

1. We find the family court did not err in finding a substantial change in circumstances warranting a change of custody of Son and Daughter. *See Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) ("[W]hen a non-custodial parent seeks a change in custody, the non-custodial parent must establish the following: (1) there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the overall best interests of the child."); *id.* ("A change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the children would be served by the change." (quoting *Stutz v. Funderburk*, 272 S.C. 273, 276, 252 S.E.2d 32, 34 (1979))); *id.* ("In order for a court to grant a change in custody, there must be a showing of changed circumstances occurring subsequent to the entry of the divorce decree."); *see also Cook v. Cobb*, 271 S.C. 136, 143, 245 S.E.2d 612, 616 (1978) ("Generally, the change of conditions which justifies a change of custody must occur after the date of a decree establishing custody, and before the action seeking to upset custody is filed."); *Routh v. Routh*, 328 S.C. 512, 521, 492 S.E.2d 415, 420 (Ct. App. 1997) ("There exist no hard and fast rules for determining when to change custody and the totality of the circumstances peculiar to each case constitutes the scale upon which the ultimate decision can be weighed."). The family court heard and considered a plethora of evidence of Son's behavioral problems that occurred after the divorce decree, including several suspensions and an expulsion from Olympia Learning Center, portions of the Guardian's report detailing Mother and Son's volatile relationship that had on occasion erupted in front of Daughter, as well as evidence regarding Mother's decision to send Son to John de la Howe, Mother's unequivocal blame of Father for all of Son's behavior and Daughter's suspension, testimony regarding the constant feuding and disagreements between Mother and Father, testimony regarding Son's medication, and concerns about Mother's discipline of both Son and Daughter. We affirm the family court's credibility assessments of the witnesses and hold the evidence is sufficient to constitute a change in circumstances warranting custody modification. *See Latimer*, 360 S.C. at 381, 602 S.E.2d at 35 ("In order for a court to grant a change in custody, there must be a showing of changed circumstances occurring subsequent to the entry of the divorce decree."); *see also Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651–52 (2011) (providing although appellate courts review the family court's findings de novo, we are not required to ignore the

fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony).

2. We find the family court did not err in finding a change of custody was in the children's best interests. *See Brown v. Brown*, 362 S.C. 85, 90, 606 S.E.2d 785, 788 (Ct. App. 2004) ("The paramount and controlling factor in every custody dispute is the best interests of the children."). In determining custody, "the family court should consider how the custody decision will impact all areas of the child's life, including physical, psychological, spiritual, educational, familial, emotional, and recreational aspects. Additionally, the court must assess each party's character, fitness, and attitude as they impact the child." *Id*. (quoting *Shirley v. Shirley*, 342 S.C. 324, 330, 536 S.E.2d 427, 430 (Ct. App. 2000)). "In determining the best interests of the child, the court must consider the child's reasonable preference for custody. The court shall place weight upon the preference based upon the child's age, experience, maturity, judgment, and ability to express a preference." S.C. Code Ann. § 63-15-30 (2010). Additionally, "[p]reserving sibling relationships is an important factor in determining the best interests of the children." *Moeller v. Moeller*, 394 S.C. 365, 374, 714 S.E.2d 898, 903 (Ct. App. 2011).

3. We find the family court's conclusion that a change of custody of both Son and Daughter was warranted is supported by the greater weight of the evidence. *See id.* ("Preserving sibling relationships is an important factor in determining the best interests of the children."); *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 ("[T]he family court's factual findings will be affirmed unless 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360–61 (1899))); *id*. at 385, 709 S.E.2d at 651–52 (providing although appellate courts review the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *see also Latimer*, 360 S.C. at 380, 602 S.E.2d at 34 ("Our broad scope of review does not relieve the appealing party of the burden of showing the family court committed error.").

**AFFIRMED.**

**SHORT, GEATHERS, and HILL, JJ., concur.**